IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRD, | No. C05-02454 MJJ |
| Plaintiff, | **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| v. | |
| BROWN, | |
| Defendant. | |

### INTRODUCTION

Before the Court is Petitioner William L. Bird's ("Petitioner") timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving an eight year term in state prison for second degree burglary and grand theft of personal property. Petitioner challenged his conviction and sentence through to the California Supreme Court without success.

Petitioner now seeks federal habeas corpus relief, claiming that the trial court's determination that Petitioner's prior conviction was a "serious felony" subjecting him to a longer sentence violated his Sixth and Fourteenth Amendment rights. In particular, Petitioner's first habeas claim alleges that it was constitutional error for the trial court, rather than a jury, to make the critical factual finding that rendered his prior conviction a "serious felony." Petitioner's second habeas claim alleges that, when making that factual finding, the trial court improperly utilized a preliminary hearing transcript

and probation report from the prior offense, given that Petitioner had no notice at the time of the

earlier offense, and no opportunity to then litigate, the "serious felony" issue.

For the following reasons, the Court **DENIES** the Petition.

## FACTUAL BACKGROUND

The following facts are set forth in the California Court of Appeal opinion:

> The instant case involves a commercial burglary of an antique store. Patricia Digillio, the store's owner was working late one night and decided to lie down in the back office to take a nap.
> Around 2:00 a.m., Digillio was awakened by the sound of rustling outside the closed office door. Digillio tried to turn on the lights, but they would not work. When Digillio tried to use the telephone, it also did not work. Digillio activated the motion alarm from inside the office, and shortly thereafter, the rustling sound stopped and the alarm was "tripped." Digillio then heard the sound of squealing car tires.
> When Digillio came out of her office, she noticed the bottom lock on the front door of the store was damaged, several window panels were broke, and a table cloth was hung over the broken window. Digillio also noticed the phone and electrical wiring that supplied the store had been ripped out. After inventorying the merchandise, Digillio estimated the value of stolen items to be $6,500.
> A crime scene investigator found latent fingerprints on several panes of glass from the door. A latent expert identified seven of the latent fingerprints from the door and windowpanes as belonging to defendant.
> Defendant was charged with second degree burglary and grand theft in connection with the break-in of Digillio's antique store. . . In addition, the information alleged defendant had one prior strike conviction for assault by means of force likely to produce great bodily injury. . ., and four prison priors.
> A jury found defendant guilty as charged. Defendant waived jury on the prison priors and the strike prior, and filed a motion to dismiss the strike prior on the grounds that assault by means of force likely to produce great bodily injury pursuant to Penal Code section 245, subdivision (a) is not a strike. Defendant also moved to dismiss the strike prior on grounds that the court could not review the underlying facts of the 1983 prior conviction to determine whether defendant personally used a deadly or dangerous weapon, where that issue was not charged and defendant did not have a right to jury trial.
> The court denied defendant's motion to dismiss the strike prior, and found all the prison priors were true. The court also reviewed the preliminary hearing transcript of the prior Penal Code section 245 conviction, and determined that the conviction qualified as a strike, because defendant personally used a deadly or dangerous weapon in committing the assault.
> Defendant was sentence to a four-year term on count 1, a four-year term stayed on count 2, an a one year enhancement for each prison prior for a total of eight years in state prison.

(Resp., Exh. 6, hereinafter "Slip Op.").

///

2

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus submitted by an individual in custody pursuant to a state court judgment only if the custody violates the United States Constitution, laws or treaties. 28 U.S.C. § 2254(a) (2005) (hereinafter "AEDPA"); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence unless the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2005); *Williams v. Taylor*, 529 U.S. 362, 402-403 (2000).

A state court decision qualifies as "contrary to" federal law if it directly contravenes a Supreme Court decision on a question of law, or reaches a conclusion converse to a Supreme Court decision with materially indistinguishable facts. *Williams*, 529 U.S. at 413. A state court decision involves an "unreasonable application" of federal law if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 412-413. In determining whether a state court's decision contravenes or unreasonably applies clearly established federal law, a federal court examines the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000). In this case, the highest state court to issue a reasoned opinion was the December 22, 2003 decision of the California Court of Appeal affirming the trial court's judgment of conviction and sentence.[1]

////
///
///
///

---

[1] The California Supreme Court summarily denied Petitioner's subsequent petition for review. (Resp., Exh. 8.) Petitioner did not seek habeas relief in the state courts.

3

# ANALYSIS

**A.  Adjudication By The Trial Court, Rather Than A Jury, Of The Circumstances Surrounding The Prior Conviction Did Not Violate Petitioner's Constitutional Rights.**

Petitioner's first habeas claim alleges that it was constitutional error for the trial court, rather than a jury, to make the critical factual finding that rendered his prior conviction a "serious felony." Petitioner argues that, by making such a finding, the trial court violated his Sixth Amendment right to a jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (*"Apprendi"*).  The Court disagrees.

In California, various sentencing statutes provide for a longer prison sentence if the defendant has had prior serious or violent felonies denoted as strikes. *People v. Woodell*, 17 Cal.4th 448, 452 (1998).  A "strike" includes any offense listed as a serious felony in California Penal Code Section 1192.7, including "any felony in which the defendant personally used a dangerous or deadly weapon."  California Penal Code § 1192.7(c)(23).  Under California law, a crime that is not a strike at the time a defendant pleads or is found guilty, can become a strike in the future through a review of additional facts surrounding the conviction, including the entire record of conviction. *People v. Guerrero,* 44 Cal.3d 343, 355-356 (1988) ("*Guerrero*").  The inquiry to determine whether a prior conviction qualifies under California's various sentencing enhancement statutes is the responsibility of the court, and not a jury. *People v. Kelii*, 9 Cal.4th 452, 454 (1999) ("Determining whether a prior conviction qualifies as a strike under the Three Strikes law is also the type of inquiry that judges traditionally perform as a part of the sentencing function.").  Furthermore, the California Supreme Court has held that a court conducting such an inquiry does not violate *Apprendi*. *People v. McGee*, 38 Cal.4th 682, 687 (2006).

Here, petitioner's prior assault conviction, on its face, did not constitute a strike at the time of that conviction. *People v. Winters*, 93 Cal.App.4th 273 (2001) (a California Penal Code section 245(a)(1) assault conviction, which does not result in great bodily injury, is not a serious felony conviction within the meaning of the Three Strikes law).  However, the trial court, in a bifurcated proceeding, relied upon the testimony of the victim during the preliminary hearing in the previous proceeding to conclude that the prior conviction constituted a felony in which the defendant personally used a dangerous or deadly weapon, and therefore constituted a strike for the purpose of

4

1  sentence enhancement.  The Court of Appeal affirmed this finding, finding that *Apprendi* did not
2  indicate otherwise and holding that "[u]nder *Guerrero* and its progeny, a crime to which an
3  individual pleads or is found guilty, even if not a strike at the time, can become a strike in the future
4  through a review of additional facts surrounding the conviction." (Slip Op. at 3.)

5       In *Almendarez-Torres v. United States,* 523 U.S. 224 (1998) ("*Almendarez-Torres*") and
6  *Apprendi*, the United States Supreme addressed the scope of a court's power to review the
7  circumstances of a prior conviction for the purposes of sentence enhancement.  In *Almendarez-*
8  *Torres*, the Court considered a case where the defendant was found in the United States after having
9  been deported, a crime carrying a maximum sentence of two years.  The defendant, in the course of
10 the proceeding, admitted that his deportation was a result of a prior aggravated felony conviction.
11 Under the Immigration and Nationality Act, § 276(b)(2), 8 U.S.C.(1994 Ed.) § 1326(b)(2), any alien
12 who illegally enters the United States after a previous deportation following conviction of an
13 aggravated felony is subject to a maximum sentence of twenty years.  The indictment contained no
14 mention of his earlier convictions and the defendant argued that the judge could not enhance
15 sentence based on his prior convictions.  The Supreme Court rejected defendant's argument and
16 found that the fact of his prior conviction was merely a sentencing factor upon his subsequent
17 conviction of illegal reentry, rather than an element of that offense.  *Almendarez-Torres*, 523 U.S. at
18 247.

19      Two years after *Almendarez-Torres*, *Apprendi* was decided.  In *Apprendi*, the trial court
20 enhanced the defendant's firearm possession sentence after finding that the defendant committed the
21 crime because of racial bias.  On review, the Supreme Court held that the defendant was entitled to a
22 jury finding that the crime was motivated by racial bias.  *Apprendi*, 530 U.S. at 494.  *Apprendi* held
23 that factors other than a prior conviction must be submitted to a jury.  *Id.* at 490.  *Apprendi*,
24 however, dealt with factual findings the judge made related to the current offense, not findings
25 related to prior convictions.  The *Apprendi* Court observed that its previous holding in *Alemendarez-*
26 *Torres*
27 "turned heavily on the fact that the additional sentence to which the defendant was subject was 'the
28 prior commission of a serious crime.'" *Apprendi*, 530 U.S. at 488.  In reviewing *Almendarez-Torres,*

5

the Court held that recidivism could be distinguished from other matters employed to enhance punishment because: 1) recidivism traditionally has been used by sentencing courts to increase the length of an offender's sentence, 2) recidivism does not relate to the commission of the charged offense, and 3) prior convictions result from proceedings that include substantial protections. *Apprendi,* 530 U.S. at 487-488.   Furthermore, although the Court acknowledged that the decision in *Almendarez-Torres* could be viewed as inconsistent with the logic of the Court's broad reasoning in *Apprendi*, the Court explicitly declined to overrule *Almendarez-Torres*, instead preserving "the case as a narrow exception" to the general rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury, a proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.  Thus, the *Almendarez-Torres* exception to the *Apprendi* rule provides that a defendant does not have a right to a jury trial of the fact of his prior conviction.  *See Shepard v. United States*, 544 U.S. 13, 25 (2005); *Apprendi*, 530 U.S. at 490; *Almendarez-Torres*, 523 U.S. at 226-27, 230.

       Petitioner now argues that the Court of Appeal's ruling was either contrary to, or an unreasonable application of, *Apprendi*.  Petitioner concedes that the *Almendarez-Torres* exception to the *Apprendi* rule permitted the trial court to adjudicate the fact that Petitioner had previously been convicted of an assault in violation of California Penal Code Section 245(a)(1).  However, Petitioner Petitioner argues that the trial court's factual findings in the second stage of the bifurcated proceeding went beyond the mere "fact" of this conviction, and impermissibly adjudicated additional facts regarding the nature of the prior offense that were not established by the four corners of the charging document and Petitioner's guilty plea.  Petitioner contends that *Apprendi* does not permit the trial court to exercise its own fact-finding power to address any disparities between the elements of prior crimes charged and the definition of "serious" felonies used in sentence enhancements. Petitioner argues that the trial court's power under *Apprendi* is limited to "deciding whether the prior conviction, on its face and based on the elements of the crime and the language of the charging document, constitutes a serious strike felony." (Traverse at 9:18-21.)

       This Court finds that the Court of Appeal's ruling did not contradict, or unreasonably apply, United States Supreme Court precedent.  While courts have struggled to define the exact contours of

6

the *Almendarez-Torrez* exception in the wake of *Apprendi*, there is nothing in *Apprendi* or other Supreme Court precedent that requires a trial court, for purposes of sentence enhancement, to treat disputed facts surrounding a prior conviction differently from the basic fact of the prior conviction. The Court of Appeal's view, that the *Almendarez-Torres* exception to *Apprendi* was not so narrow as to preclude adjudication of other disputed facts surrounding a prior conviction, was a reasonable one. Indeed, several federal circuit courts have arrived at similar readings of *Apprendi*. In *United States v. Santiago*, 268 F.3d 151 (2d Cir.2001), the Second Circuit held that *Apprendi*'s recidivism exception encompasses a disputed issue of whether prior convictions arose from offenses "committed on occasions different from one another." *Id.* at 155. Importantly, the *Santiago* court made clear this was true even when such fact-finding would involve a contested record:

> While the *Almendarez-Torres* exception to the *Apprendi* rule – that judges may find "the fact of a prior conviction" for sentencing purposes – typically involves a relatively uncontested record, this is by no means always the case. The determination of "the fact of a prior conviction" implicitly entails many subsidiary findings, not the least of which is that the defendant being sentenced is the same defendant who previously was convicted of those prior offenses, a fact that could be quite controversial indeed. Determination of this question would not necessarily come with the procedural safeguards noted in *Apprendi*. Thus, the separateness of the convictions is not a fact which is different in kind from the types of facts already left to the sentencing judge by *Almendarez-Torres* and *Apprendi*-only, at most, one which is somewhat more likely to be contested over the run of cases. We are unpersuaded that this difference has any constitutional significance. . . .In short, ***we read Apprendi as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well***. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the "who, what, when, and where" of a prior conviction. Whether this exception to the rule announced in *Apprendi* extends to all issues related to recidivism, we need not decide at this time. . .

*Id.* at 156 (emphasis added, citations omitted).

The Seventh and Eighth Circuits have cited *Santiago* with approval and have arrived at similar readings of *Apprendi*. *See U.S. v. Kempis-Bonola*, 287 F.3d 699, 703 (8th Cir. 2002) ("We agree with the Second Circuit that it is entirely appropriate for judges to have the task of finding not only the mere fact of previous convictions but other related issues as well. As the law stands now, the sentencing-related circumstances of recidivism are facts that may be found by the sentencing

7

1  judge and are not within the scope of *Apprendi*'s holding."); *United States v. Morris*, 293 F.3d 1010,
2  1012-13 (7th Cir. 2002) (agreeing with *Santiago* and finding the determination of whether prior
3  convictions were committed on different occasions cannot be distinguished from other factors
4  traditionally considered in enhancing a sentence based on recidivism).  Under the *Almendarez-*
5  *Torres* exception, therefore, "a fact of prior conviction includes not only the fact that a prior
6  conviction exists, but also a determination of whether a conviction is one of the enumerated types
7  qualifying for the sentence enhancement." *Kempis-Bonola*, 287 F.3d at 703.

8       This Court agrees the Second, Seventh, and Eighth Circuit's interpretation of the scope of the
9  *Almendarez-Torres* exception, and therefore finds that Petitioner's due process and trial by jury
10 rights were not violated by having the trial court, rather than a jury, adjudicate the disputed issue of
11 whether his prior conviction constituted a strike.  Moreover, even if this Court were to view the
12 scope of the the *Almendarez-Torres* exception different from the federal circuit courts (which it does
13 not), there would be no plausible basis to conclude that the state Court of Appeal's interpretation of
14 *Apprendi* was an ***unreasonable*** application of Supreme Court precedent, given that the Court of
15 Appeal's interpretation matches up with that of the three federal circuits that have expressly
16 considered the issue.  Accordingly, the Court finds that habeas relief is not appropriate on
17 Petitioner's first claim.

18 **B.    The Trial Court Did Not Violate Petitioner's Constitutional Rights By Utilizing The**
19 **Victim's Testimony In The Preliminary Hearing Transcript To Determine The Prior**
20 **Conviction Was A Strike.**

21      In his second habeas claim, Petitioner contends that his rights to a jury and to due process
22 were violated because the trial court's determination that his prior conviction was a strike was based
23 on the victim's testimony from the preliminary hearing transcript in that prior proceeding.[2]
24 Petitioner contends that because had no reason to fully litigate the question of whether he personally
25 used a dangerous weapon at the time of prior proceeding, he was denied any meaningful opportunity

---

27 [2] Petitioner also claims that the trial court erred by viewing the probation report.  However, the trial court relied solely upon the preliminary hearing transcript to determine that petitioner had personally used a deadly or dangerous weapon in the commission of the assault.  (RT 210.)  Any error in admitting or considering the probation report was therefore harmless.  *See Summerlin v. Steward*, 341 F.3d 1082, 1121 (9th Cir. 2003) ("*Apprendi* errors are not structural and therefore are subject to harmless-error analysis.").

8

1  to litigate the issue of personal use.

2  In affirming the trial court's sentence, the state Court of Appeal observed that California's
3  highest court had ruled that California courts could review and consider the entire record of
4  conviction, including the preliminary hearing transcript, to determine if the prior conviction is
5  "serious." (Slip Op. at 3, citing *People v. Guerrero*, 44 Cal. 3d 343 (1988) and *People v. Kelii*, 21
6  Cal. 4th 452 (1999). However, the Court of Appeal also found that neither the U.S. Supreme Court
7  nor the California Supreme Court had addressed whether a judge could make factual findings on
8  disputed issues related to a prior conviction for the purpose of sentence enhancement. *See People v.*
9  *Epps,* 25 Cal.4th 19, 28 (2001) (explicitly refusing to decide how *Apprendi* would apply if a court
10 faced a situation "where some fact needed to be proved regarding the circumstances of the prior. . .
11 in order to establish that the conviction is a serious felony."). For this reason, the Court of Appeal
12 determined that it was bound by *Guerrero* to find that the trial court could find that petitioner
13 personally used a deadly weapon in committing the assault by reviewing the records of conviction,
14 including the preliminary hearing transcript.

15 The Court finds no constitutional error in the trial court's reliance of the preliminary hearing
16 transcript under the circumstances of this case. First, Petitioner has not cited any United States
17 Supreme Court holding that *Almendarez-Torres*, or the exception carved out in *Apprendi,* does not
18 allow a judge to consider testimony in a preliminary hearing transcript, if admitted under the usual
19 rules of evidence, when examining the record surrounding a prior conviction. The Supreme Court
20 case on which Petitioner primarily relies, *Shepard v. United States*, 544 U.S. 13 (2005), is inapposite,
21 as it was resolved as a matter of statutory interpretation, not federal constitutional law. *Shepard* did
22 not purport to resolve whether a trial court's consideration of certain records from a prior criminal
23 proceeding violated the Sixth or Fourteenth Amendments, but instead concerned only whether a
24 specific sentencing statute passed by Congress, the Armed Career Criminal Act (ACCA), allowed
25 reference to such documents. Accordingly, this Court cannot conclude that the state Court of Appeal's
26 ruling allowing consideration of the preliminary hearing transcript was contrary to, or an unreasonable
27 application of, United States Supreme Court precedent.

28 Second, given the scope the *Almendarez-Torres* exception discussed above, which permits

9

the sentencing judge to determine not only the mere fact of previous convictions but other disputed factual issues relating to the prior conviction, it would be incongruous to categorically prevent trial courts from considering testimony in the record of the prior conviction, if otherwise admissible under the rules of evidence. The Second Circuit's discussion in *Santiago* suggests as much, insofar as the court indicated that the scope of the *Almendarez-Torres* exception permitted trial courts to resolve even "fact[s] that could be quite controversial indeed" based on a contested record, using procedures that "would not necessarily come with the procedural safeguards noted in *Apprendi*." 268 F.3d at 156.

Finally, in this particular circumstance, the testimony of the victim from the preliminary hearing transcript was admitted into evidence before the trial court without objection from Petitioner. The testimony of the victim during the hearing indicated that the assault had occurred when Petitioner drove a pickup truck into the back of the victim's car several times, causing her to lose control and crash. (CT 202-06, 209, 213.) Petitioner stated he had no objection, on hearsay grounds or based on any other evidentiary rule, to the admission of the preliminary hearing transcript during the bifurcated proceeding. (RT 176, 179-80.) Instead, Petitioner argued to the trial court that a jury must decide the prior strike issue. (RT 188-99.) In the alternative, Petitioner argued to the trial court that the victim's testimony reflected in the hearing transcript was not credible, in the event the trial court did decide the prior strike issue. (RT 199-200.) Petitioner made no attempt to affirmatively place any evidence into the record to contradict or impeach the victim's testimony. (RT 176-86.)

Under such circumstances, where the pretrial hearing transcript was admitted under standard rules of evidence without objection, and where the Petitioner adduced no evidence to contradict the evidence considered by the trial court, this Court cannot conclude that the Court of Appeal's ruling was contrary to or an unreasonable application of clearly established federal law.

///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the petition for a writ of habeas corpus. The clerk is **DIRECTED** to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 21, 2008

                                              MARTIN J. JENKINS
                                              UNITED STATES DISTRICT JUDGE